UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERROL O. SMITH,
#333785,

    Petitioner,                                      Civil Action No. 20-CV-12975

vs.                                                HON. BERNARD A. FRIEDMAN

O'BELL T. WINN,

    Respondent.
_____/

## **OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE**

Petitioner, an inmate at the Saginaw Correctional Facility in Freeland, Michigan, filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 28, 2020. Petitioner challenges his convictions for first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(e). On May 28, 2021, petitioner filed a motion to stay proceedings and hold his petition in abeyance to permit him to return to the state courts to present additional claims. Respondent has not filed a response and the time for doing so has expired. For the following reasons, the Court shall grant petitioner's motion and administratively close the case.

Petitioner was convicted following a jury trial in Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *See People v. Smith*, No. 3419477, 2019 WL 2235839 (Mich. Ct. App. May 23, 2019); *lv. den.* 505 Mich. 870, 935 N.W.2d 330 (2019). Petitioner's pending application for a writ of habeas corpus seeks relief on the claims that he raised on direct appeal in the state courts. In the instant motion, petitioner asks the Court to hold his

habeas petition in abeyance so that he can return to the state courts to raise new, unexhausted claims.

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, "petitioners must fully exhaust all of the claims in the state courts before seeking federal review." *In re Bowen*, 436 F.3d 699 (6th Cir. 2006). A federal district court may stay a fully exhausted federal habeas petition pending the exhaustion of additional claims in the state courts. *See Bowling v. Haeberline,* 246 F. App'x 303, 306 (6th Cir. 2007) (stating that a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served").

In the present case, the dismissal of the petition, even if it is without prejudice, might bar review of petitioner's claims in this Court due to the expiration of AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). The Court will hold the habeas petition in abeyance to allow petitioner to initiate post-conviction proceedings in the state courts. When a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back," to ensure that there are no delays by petitioner in exhausting state court remedies. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The stay is thus conditioned upon petitioner initiating his state post-conviction remedies within sixty days of the date of this order and returning to this Court within sixty days of completing the exhaustion of state court post-conviction remedies. Accordingly,

IT IS ORDERED that petitioner's motion to stay the proceedings and hold the petition in abeyance is granted [docket entry 9].

IT IS FURTHER ORDERED that petitioner initiate his state post-conviction remedies within sixty days of the date of this order and notify this Court in writing that he has done so. If petitioner fails to do so, the Court will lift the stay and proceed to adjudicate only the claims that are raised in the original petition.

IT IS FURTHER ORDERED that once petitioner has fully exhausted his new claims, he shall file an amended petition with this Court within sixty days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. If petitioner fails to do so, the Court will lift the stay and proceed to adjudicate only the claims that are raised in the original petition.

IT IS FURTHER ORDERED that the Clerk of Court shall administratively close this case for statistical purposes only. Upon receipt of a motion to reinstate the habeas petition following exhaustion of state court post-conviction remedies, the Court shall reopen this case.

Dated: July 8, 2021
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on July 8, 2021.

Errol O. Smith # 333785
SAGINAW CORRECTIONAL FACILITY
9625 PIERCE ROAD
FREELAND, MI 48623

s/Johnetta M. Curry-Williams
Case Manager